UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NELSON H. PATTERSON, | : |
| Petitioner | : Civil Action No. 21-16228 (BRM) |
| v. | : **OPINION** |
| DISTRICT OF NEW JERSEY | : |
| Respondent. | : |

Before the Court is Petitioner Nelson H. Patterson's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) in which he seeks to challenge his ongoing criminal prosecution, and an application to proceed *in forma pauperis* ("IFP"), without prepayment of fees (ECF No. 1-1). Upon review of Petitioner's IFP application and the docket, it appears Petitioner has already paid the applicable $5.00 filing fee; therefore, the application is dismissed as moot. As Petitioner has paid the requisite filing fee, this Court is required pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, Petitioner's habeas petition is **DISMISSED**.

I. **BACKGROUND**

Petitioner is a federal pre-trial detainee currently confined in the Essex County Correctional Facility. Petitioner has been detained awaiting trial since May 2020. (*See generally* Civil Action No. 21-646, ECF No. 6.) On May 12, 2020, Petitioner received an initial appearance and bail hearing. (*Id.*, ECF No. 35.) At that hearing, Petitioner waived his preliminary hearing. (*See id.*)

Petitioner's criminal prosecution remains ongoing. On August 26, 2021, Petitioner filed his current habeas petition. (ECF No. 1.) Petitioner seeks to use his habeas petition to argue that his initial appearance was delayed. (*Id.*)

## II. LEGAL STANDARD

A federal district court may issue a writ of habeas corpus if a petitioner demonstrates that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b), this Court is required to preliminarily review Petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to the rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III. DECISION

Petitioner seeks to challenge the delay in his preliminary hearing in his currently ongoing criminal prosecution. Merely because a District Court has jurisdiction to entertain a petition filed under 28 U.S.C. § 2241 by a petitioner who has not yet been convicted does not mean that the petitioner is seeking an appropriate pretrial remedy. *See Whitmer v. Levi*, 276 F. App'x 217, 219 (3d Cir. 2008). In *Whitmer*, the United States Court of Appeals for the Third Circuit held: "Where a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. §

3145(b), (c), and not a habeas corpus petition." *Id. See also Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 247 (3d Cir. 2018) ("[I]nsofar as [the Petitioner] sought to challenge the charges against him . . . he was required to do so through pretrial motions in his criminal case, not via a pretrial § 2241 petition.") Because "[a]dequate remedies [are] available in [a petitioner's] criminal case, . . . [a criminal defendant awaiting trial is] not entitled to habeas corpus relief." *Whitmer*, 276 F. App'x at 219.

Where a petitioner's criminal motions are denied, a criminal defendant may not properly seek habeas relief until after his trial and direct appeal. *Johnson v. United States*, 265 F. App'x 79, 80 (3d Cir. 2008). Even once his direct appeal has concluded, the proper habeas mechanism through which a petitioner may challenge his federal conviction or sentence is a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255, not a § 2241 petition. *Id. See also Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (noting that a motion filed pursuant to § 2255 is the presumptive means for challenging a federal conviction). Therefore, where a pre-trial criminal detainee seeks to challenge his pending prosecution through a § 2241 habeas petition, the correct course of action is for the Court to dismiss the petition. *Whitmer*, 276 F. App'x at 219; *Johnson*, 265 F. App'x at 80.

Petitioner is a pre-trial criminal detainee who can raise his challenge to any delay in his preliminary hearing via a motion, filed through counsel, in his criminal proceedings, *see* Fed. R. Crim. P. 12(b)(1) (noting that a defendant may raise a pretrial motion "that the court can determine without a trial on the merits"), such a motion is the correct means for raising his current challenge, and his current habeas petition is therefore improper and must be dismissed. *Whitmer*, 276 F. App'x at 219; Johnson, 265 F. App'x at 80.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's habeas petition is dismissed. An appropriate order follows.

Date: December 10, 2021

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**