<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NELSON H. PATTERSON,<br><br>               Petitioner,<br><br>v.<br><br>DISTRICT OF NEW JERSEY,<br><br>               Respondent. | Case No. 2:21-cv-16228 (BRM)<br><br>**OPINION** |

      Before the Court is Petitioner Nelson H. Patterson's ("Petitioner") motion for relief from judgment, pursuant to Federal Rule of Civil Procedure 60(b)(2). (ECF No. 5.) The Court previously screened and dismissed Petitioner's habeas petition brought pursuant to 28 U.S.C. § 2241. (ECF Nos. 2 and 3.) Having reviewed the parties' submissions, and for the reasons set forth below and for good cause appearing, Petitioner's motion for relief from judgment is **DENIED**.

    **I.**    **BACKGROUND**

      Petitioner is a federal pre-trial detainee currently confined in the Essex County Correctional Facility. Petitioner has been detained awaiting trial since May 2020. (*See generally* Civil Action No. 21-646, ECF No. 6.) On May 12, 2020, Petitioner received an initial appearance and bail hearing. (*Id.*, ECF No. 35.) At that hearing, Petitioner waived his preliminary hearing. (*See id.*) Petitioner's criminal prosecution remains ongoing. On August 26, 2021, Petitioner filed his § 2241 habeas petition. (ECF No. 1.) Petitioner sought to use his habeas petition to argue that his initial appearance was delayed, which he alleges resulted in a delay of his preliminary hearing. (*Id.*) On December 10, 2021, the Court reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b) and dismissed the

petition. (ECF Nos. 2 and 3.) The Court found that Plaintiff's challenge to any delay in his underlying criminal matter should be raised via a motion, filed through counsel, in his criminal proceedings.  *See* Fed. R. Crim. P. 12(b)(1) (a defendant may raise a pretrial motion "that the court can determine without a trial on the merits"); *see also Whitmer v. Levi*, 276 F. App'x. 217, 219 (3d Cir. 2008). Petitioner has filed a motion for relief from judgment pursuant to Rule 60(b). (ECF No. 5.)

## II.  LEGAL STANDARD

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 536). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d. Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

Rule 60(b) motions are left to the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances. *See Pierce Assocs. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A court may only grant a Rule 60(b) motion if a movant shows extraordinary circumstances, and a Rule 60(b) motion is not appropriate to reargue issues. *Burns v. Warren*, No.13-1929, 2018 WL 1942516, at *2 (D.N.J. Apr. 25, 2018); *see also Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014).

### III. DECISION

Petitioner seeks to challenge the delay in his initial appearance post-arrest and the delay in his preliminary hearing. (*See* ECF No. 1.) Petitioner argues in his motion for relief from judgment that he was not properly advised regarding his rights as they pertain to a preliminary hearing and a bail hearing. (*See* ECF No. 5-1.)

As the Court previously explained, "[w]here a defendant is awaiting trial, the appropriate vehicle for [addressing] violations of his . . . rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act . . . and not a habeas corpus petition." *Whitmer*, 276 F. App'x at 219. *See also Johnson v. United States*, 265 F. App'x 79, 80 (3d Cir. 2008); *Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 247 (3d Cir. 2018) ("[I]nsofar as [the Petitioner] sought to challenge the charges against him . . . he was required to do so through pretrial motions in his criminal case, not via a pretrial § 2241 petition."). Because "[a]dequate remedies [are] available in [a petitioner's] criminal case, . . . [a criminal defendant awaiting trial is] not entitled to habeas corpus relief." *Whitmer*, 276 F. App'x at 219.

Where a petitioner's criminal motions are denied, a criminal defendant may not properly seek habeas relief until after his trial and direct appeal. *Johnson*, 265 F. App'x at 80. Even once his direct appeal has concluded, the proper habeas mechanism through which a petitioner may challenge his federal conviction or sentence is a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255, not a § 2241 petition. *Id.*; *see also Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (noting that a motion filed pursuant to § 2255 is the presumptive means for challenging a federal conviction). Therefore, where a pre-trial criminal detainee seeks to challenge his pending prosecution through a § 2241 habeas petition, the correct course of action is for the Court to dismiss the petition. *Whitmer*, 276 F. App'x at 219; *Johnson*, 265 F. App'x at 80.

Petitioner is a pre-trial criminal detainee who can raise his challenge to any delay in his initial appearance or preliminary hearing or challenge to his bail hearing via a motion, filed through counsel, in his criminal proceedings. *See* Fed. R. Crim. P. 12(b)(1) (a defendant may raise a pretrial motion "that the court can determine without a trial on the merits"). Indeed, such a motion is the correct means for raising his current challenge, and his current habeas petition is therefore improper. *Whitmer*, 276 F. App'x at 219; Johnson, 265 F. App'x at 80. Accordingly, Petitioner's motion for relief from judgment (ECF No. 5) is denied.

## IV.  CONCLUSION

For the foregoing reasons, Petitioner's motion for relief from judgment is **DENIED**. An appropriate order follows.

Date: June 21, 2022

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**